**NOT FOR PUBLICATION**

APR 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTY HUGHES, | No. 13-35909 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00143-MAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding[**]

Submitted November 21, 2014[***]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Christy Hughes appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Hughes contends that the ALJ erred by failing to consider the Global Assessment of Functioning ("GAF") score from her treating psychiatric nurse practitioner Susan Caverly, Ph.D., ARNP. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The ALJ did not err in failing to address Dr. Caverly's GAF score, because a GAF score is merely a rough estimate of an individual's psychological, social, or occupational functioning used to reflect an individual's need for treatment, but it does not have any direct correlative work-related or functional limitations. *See Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

We do not agree with Hughes that *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014) supports her position because *Garrison* is factually distinguishable. The nurse practitioner in *Garrison* was the primary psychiatric care giver, who treated the claimant for over two years, producing numerous reports, which included not only GAF scores, but also identified functional limitations affecting the claimant's ability to work. *See id.* at 1002-05, 1014. In contrast, Dr. Caverly performed two

psychiatric evaluations years apart and her 2009 report included only a GAF score, without identifying any corollary functional limitations.

Even assuming the ALJ erred by failing to address Dr. Caverly's GAF score, any such error was harmless, because the ALJ assessed Hughes' mental impairment as severe, and the ALJ's residual functional capacity took into account Hughes' mental functional limitations, including moderate difficulties in social functioning, concentration, and persistence, by restricting her to simple, routine, repetitive tasks in a job where she could work independently with no more than occasional public interaction. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (explaining that the ALJ's failure to discuss certain evidence was inconsequential to the ultimate disability determination). Aside from arguing incorrectly that her low GAF score mandated a finding that she could not function in a workplace on a sustained and regular basis, Hughes has not identified any additional limitations the ALJ should have imposed in light of Dr. Caverly's GAF score.

**AFFIRMED**.